[No. 20817. Department Two. December 15, 1927.]

CARL H. TRUNK, *Appellant*, v. DR. G. R. STEWART, *Respondent.*[1]

[1] SALES (101)—EXPRESS WARRANTY—STATEMENTS CONSTITUTING. Upon the sale of a dough mixer, the parties could enter into an express oral warranty that the machine would do certain work satisfactorily, and would be taken back if it failed to do so.

[2] SALES (59)—RESCISSION—CONDITIONS PRECEDENT—RESTORATION OF GOODS. Upon breach of an express oral warranty that a dough mixer would do certain work, the purchaser, upon rescinding, need only notify the seller to remove the machine.

Appeal from a judgment of the superior court for Spokane county, Leavy, J., entered May 5, 1927, upon findings in favor of defendant upon a cross-complaint for rescission of a contract. Affirmed.

*E. O. Connor,* for appellant.

*Davis, Heil & Davis,* for respondent.

MAIN, J.—The plaintiff brought this action to recover the sum of $152.10, the sale price of a cooky dropper and some other articles. The defendant, by cross-complaint, sought rescission of a contract for the purchase of a dough mixer and the recovery of the three hundred and fifty dollars paid therefor. The trial was to the court without a jury and resulted in findings of fact

[1]Reported in 262 Pac. 143.

and conclusions of law sustaining both the demand of the plaintiff and that of the defendant in the cross-complaint. Judgment was entered in favor of the defendant for two hundred and twenty-eight dollars, from which the plaintiff appeals.

The respondent did not appeal from that part of the judgment sustaining the sale as to the cooky dropper and other articles for which the appellant sought recovery. The question here, then, is whether the trial court correctly disposed of the claim under the cross-complaint.

The respondent was engaged, in a small way, in the manufacture of dog biscuit in the city of Spokane. On or about the 17th of March, 1926, he purchased from the appellant a second hand Hobart dough mixer for the sum of three hundred and fifty dollars, which was subsequently paid. The respondent attempted to use the dough mixer, but found that it would not work with dog biscuit dough, which was stiff and heavy. The mixer sold was one which was intended for cake dough, which is thin and light. After the respondent became convinced that the dough mixer would not do the work, he notified the appellant to remove it. This the appellant refused to do, and brought this action on May 29, 1926, with the result above stated.

The controlling question is one of fact. The evidence offered by the respondent was direct and positive that, at the time he purchased the dough mixer, there was an express oral warranty that it was suitable for the mixing of dog biscuit dough and that, if it did not do the work, the appellant would take it back. The evidence offered by the appellant was unequivocally to the contrary. Upon this conflicting evidence, the trial court found

"That the plaintiff and the said salesman Dolan, at the time of the visit of defendant, warranted to the

defendant that said Hobart Mixer was fitted for the work he would require of it and that it was in good condition, and that, if said mixer did not do the work required by defendant, and was not satisfactory, the plaintiff would take it back."

[1] Here is an express finding that there was a warranty and an agreement to take the machine back, in the event that it did not do the work satisfactorily. After reading the evidence as it appears in the statement of facts with care, we are of the opinion that the trial court's finding was correct. There is no legal reason why the parties, if they saw fit, could not enter into an express oral warranty and agreement to take back, in the event that the machine was not satisfactory.

[2] There is some complaint that the respondent did not tender the machine back to the appellant, but placed it in storage. In view of the agreement as found by the trial court and which we find to be sustained by the evidence, the respondent did all that he was required to do when he notified the appellant to remove the machine. *Schroeder v. Hotel Commercial Co.*, 84 Wash. 685, 147 Pac. 417.

It is unnecessary to review the argument and the authorities cited by the appellant, because he takes an entirely different view of the facts, and his argument is made and authorities cited upon the assumption that the facts are as he contends them to be. As already stated, we think the facts are as found by the trial court.

The judgment will be affirmed.

MACKINTOSH, C. J., ASKREN, FULLERTON, and HOLCOMB, JJ., concur.